CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
Tel: (702) 385-1954
Fax: (702) 385-9081
cpotter@potterlawoffices.com
cj@potterlawoffices.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRY HOLLIS, JR.,<br><br>   Plaintiff,<br><br>   vs.<br><br>NORTH LAS VEGAS POLICE DEPARTMENT, a political subdivision of the State of Nevada; DOE NORTH LAS VEGAS OFFICER I, individually, and, K9 OFFICER PAUL MANTEUFUL#1488, individually;<br><br>   Defendants. | Case No. 2:16-cv-2663-JAD-GWF<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT** |

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff, TERRY HOLLIS by and through his counsel, CAL J. POTTER, III, ESQ. and C. J. POTTER, IV, ESQ., of POTTER LAW OFFICES, and Defendants, NORTH LAS VEGAS POLICE DEPARTMENT and K9 OFFICER PAUL MANTEUFUL, by and through their counsel of record ROBERT W. FREEMAN, JR., ESQ. of LEIS BRISBOIS BISGARD & SMITH, LLP, that Plaintiff's Complaint be amended to primarily address the following:

   1.   Identify Heath Beudoin as the Doe Officer

   2.   Add Officer Scarale as another Officer who deployed force upon Mr .Hollis;

   3.   Changing the claim for damages to "in excess of $75,000" to comply with the federal jurisdictional requirement.

A copy of the proposed Amended Complaint is attached hereto (Exhibit 1).

WHEREFORE, the parties respectfully request that the Court grant this Stipulation to Amend Plaintiffs' Complaint.

DATED this 24th day of February, 2017.   DATED this 24th day of February, 2017.

| POTTER LAW OFFICES | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By  /s/ C. J. Potter, IV, Esq.<br>CAL J. POTTER, III, ESQ.<br>Nevada Bar No. 1988<br>C. J. POTTER, IV, ESQ.<br>Nevada Bar No. 13225<br>1125 Shadow Lane<br>Las Vegas, Nevada 89102<br>*Attorney for Plaintiff* | By  /s/ Rober W. Freeman, Esq.<br>ROBERT W. FREEMAN, ESQ.<br>Nevada Bar No. 3062<br>NOEL E. EIDSMORE, ESQ.<br>Nevada Bar No. 7688<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED.

February 28, 2017
_____
DATED

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

PROPOSED AMENDED COMPLAINT

# EXHIBIT 1

**COMP**
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. Potter, IV, Esq.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
Tel: (702) 385-1954
Fax: (702) 385-9081
*Attorneys for Plaintiff*

## UNTIED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERRY HOLLIS, JR., | |
| Plaintiff, | CASE NO.: 2:16-CV-2663-JAD-GWF |
| vs. | |
| NORTH LAS VEGAS POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER HEATH BEAUDOIN # 1277; and, K9 OFFICER PAUL MANTEUFUL #1488; and, JASON SCARALE #1305; | **PROPOSED AMENDED COMPLAINT FOR DAMAGES** **(JURY TRIAL DEMANDED)** |
| Defendants. | |

COMES NOW, TERRY HOLLIS, JR., by and through his attorneys, CAL J. POTTER, III, ESQ. and C. J. POTTER, IV, ESQ. of POTTER LAW OFFICES, for his Complaint against Defendants, alleges as follows:

**PARTIES**

1. At all relevant times to these proceedings, Plaintiff TERRY HOLLIS, JR. (hereinafter "Mr. Hollis" or "Plaintiff") was and is a resident of the County of Clark, State of Nevada.

2. Defendant NORTH LAS VEGAS POLICE DEPARTMENT ("NLVPD") is a political subdivision of the State of Nevada and employs Defendant Beaudoin, Defendant Manteuful, and Defendant Scarale in this action.

3. Defendant OFFICER HEATH BEAUDOIN# 1277 at all material times was employed as a North Las Vegas Police Officer, and was acting within the course and scope of that

1  employment and under the color of law. Defendant Beaudoin shot Mr. Hollis with a 40mm
2  projectile at least three times despite the fact that Mr. Hollis was surrendering to the Defendants and
3  walking backwards towards Defendants' with his hands in the air as Defendants directed.

4     4.     Defendant OFFICER PAUL MANTEUFUL#1488 at all material times was
5  employed as a North Las Vegas Police Officer, and was acting within the course and scope of that
6  employment and under the color of law. Defendant Manteufel set his police dog upon Mr. Hollis,
7  while Mr. Hollis was writhing on the ground in pain after being shot.

8     5.     Defendant OFFICER JASON SCARALE #1305at all material times was employed
9  as a North Las Vegas Police Officer, and was acting within the course and scope of that employment
10 and under the color of law. After Defendant Beudoin shot Hollis at lease three times and Defendant
11 Manteuful caused his trained dog to attach and bite Hollis, Defendant Scarale then Struck Hollis
12 multiple times with Scarale's hand.

13     6.     The excessive force of all Defendant officers as set forth herein were at all material
14 times pursuant to the actual customs, policies, practices and procedures of NLVPD.

15     7.     At all material times, each Defendant acted under color of the laws, statutes,
16 ordinances, and regulations of the State of Nevada.

**GENERAL ALLEGATIONS**

18     8.     Plaintiff realleges each and every paragraph in this Complaint as if fully set forth
19 here.

20     9.     On September 23, 2014, officers of the NLVPD were dispatched to assist the United
21 States Marshals Service FIST task force in a foot pursuit in the 5400 block of Indian Rose Street
22 near Ann Road and Commerce Street in North Las Vegas, Nevada.

23     10.     At that time, Plaintiff was wanted on a warrant out of Washington State and Plaintiff
24 hid, in a trash can, from the U. S. Marshals.

25     11.     The Marshals were unable to locate Plaintiff and called out NLVPD Officers and
26 NLVPD S.W.A.T. team.

27     12.     The North Las Vegas Officers set up a perimeter near 5424 - 5432 Indian Rose
28 Street.

2

13. NLVPD also ordered a "hard lockdown" of Watson Elementary School, meaning that no one could come or go from the school.

14. Finally, NLVPD orchestrated a ruse whereby NLVPD officers got on a loud speaker and said words to the effect that "Terry! We got your dad, come out!"

15. Immediately thereafter Plaintiff Terry Hollis, Jr. surrendered.

16. At that time, Terry Hollis, Jr. emerged from a trash can in which he had been hiding and began walking backwards towards the Defendant Officers with his hands in the air, as instructed by the Defendants.

17. As he was voluntarily surrendering, and complying with the Defendants' commands, Mr. Hollis was unarmed.

18. That as Plaintiff was slowly walking backwards, with both hands raised above his head, Defendant Beaudoin shot Mr. Hollis at least three times.

19. That after being shot, Mr. Hollis immediately fell to the ground. At that time, Defendant Manteuful set his dog upon Mr. Hollis, causing the dog to bite Hollis.

20. As Mr. Hollis laid injured on the ground Defendant Scarale then struck Hollis multiple times with Scarale's hand.

21. That at the time that Defendant Beaudoin shot Mr. Hollis, Defendant Manteufel caused his dog to bite Hollis, and Scarale struck Hollis, Hollis was not a threat to the officers' safety, but rather was unarmed and complying with the officers' orders to walk backwards toward the sounds of their voices with his hands in the air.

22. That at the time that Defendant Officers used force upon Mr. Hollis, he was not attempting to evade arrest through resistance or flight, but rather was unarmed and complying with the officers' orders to walk backwards toward the sounds of their voices with his hands in the air.

23. That at the time that Defendant Officers used force upon Mr. Hollis he was not committing any crime, but rather was unarmed and complying with the officers' orders to walk backwards toward the sounds of their voices with his hands in the air.

24. That the Defendant Officers maliciously used force upon Mr. Hollis because Mr. Hollis had been hiding in a garbage can while the Defendant Officers looked for him and the

3

Defendants were angry that they had to spend time, and expend an inordinate amount of resources in setting-up road blocks and locking down a school, while searching for Mr. Hollis before he chose to surrender.

25. That under the totality of the circumstances it was objectively unreasonable for the Defendants to shoot Mr. Hollis, sic a dog upon Hollis, or strike Hollis because no reasonable officer could believe that being upset by the difficulty they had in locating Mr. Hollis, could justify the use of any force. Furthermore, the fact that the U. S. Marshals who were present did not shoot Mr. Hollis, or use any force upon him, demonstrates that the Defendants' use-of-force was not objectively reasonable.

26. That Mr. Hollis continues to suffer excruciating pain and permanent physical impairment as a result of being shot by Defendants and bitten by their dog.

27. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Excessive force upon Terry Hollis, Jr.;
    b. Hospital and medical expenses;
    c. Pain, suffering, and permanent injury;
    d. Lost wages;
    e. Violation of constitutional rights;
    f. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and otherwise allowed under Nevada and United States statutes, codes, and common law;

**FIRST CAUSE OF ACTION**

**42 USC §1983**

**DEFENDANT OFFICERS**

28. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

29. By shooting Mr. Hollis multiple times when he was surrendering and walking backwards with his hands in the air, as ordered by Defendants, causing a dog to bite Mr. Hollis as he

4

1  writhed in pain, and then striking Hollis multiple times, Defendants' violated 42 USC § 1983,
2  depriving Plaintiff of the clearly-established and well-settled constitutional rights protected by the
3  Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive and
4  unreasonable force as secured by the Fourth and Fourteenth Amendments.

5   30.   Defendants' subjected Plaintiff to their wrongful conduct, depriving Plaintiff of
6  rights described herein, knowingly, maliciously, and with conscious and reckless disregard for
7  whether the rights and safety of Mr. Hollis, and others would be violated by their acts and/or
8  omissions.

9   31.   As a direct and proximate result of Defendants' act and/or omissions as set forth
10 above, Plaintiff sustained injuries and damages as set forth above.

11  32.   The conduct of Defendant Officers and Does 1-10 entitles Plaintiff to punitive
12 damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005.

13  33.   Plaintiff is also entitled to costs and attorneys fees under 42 USC § 1988 and
14 applicable Nevada statutes.

## SECOND CAUSE OF ACTION

## 42 USC §1983 - MONELL CLAIM

## AGAINST NLVPD

18  34.   Plaintiff reallege each and every paragraph in this Complaint as if fully set forth
19 here.

20  35.   The unconstitutional actions and/or omissions of Defendants, as well as other officers
21 employed by or acting on behalf of Defendant NLVPD, on information and belief, were pursuant to
22 the following customs, policies, practices, and/or procedures of NLVPD, stated in the alternative,
23 which were directed, encouraged, allowed, and/or ratified by policy-making officers of NLVPD:

24   a.   To use or tolerate the use of excessive and/or unjustified force;
25   b.   To use or tolerate the use of unlawful deadly force;
26   c.   To fail to the use of excessive particularly by the NLVPD SWAT team in
27        particular;
28   d.   To fail to use appropriate and generally accepted law enforcement

5

    procedures in handling citizens;

  e. To cover-up violations of constitutional rights by any or all of the following:

    i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures,

    ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity;

    iii. By allowing, tolerating, and/or encouraging police officers to; fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

  h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

  i. Policy of failing to discipline poorly performing officers.

36. Other incidents involving NLVPD which demonstrate the existence of these policies, which caused the violation of Mr. Hollis' civil rights include, but are not limited to, incidents of excessive force being inflicted upon the following individuals: Francisco Ortiz; Amanda Akamine; Isela Arcia; Roberto Arce, Phyliss Huff, Anthony Mitchell, and Phillip Murry.

37. The unconstitutional actions and/or omissions of Defendants as described above, were approved, tolerated, and/or ratified by policy-making officials of NLVPD. Plaintiff is informed and believes, and thereupon allege, the details of this incident have been revealed to the

authorized policy makers within NLVPD, and that such policy makers have direct knowledge of the fact that the shooting of Mr. Hollis was not justified, but rater represented an unconstitutional display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within NLVPD have approved Defendants' use of force and the basis for that use of force.   By so doing, the authorized policy makers within NLVPD have shown affirmative agreement with the individual Defendant officers' actions, and have ratified the unconstitutional acts of the individual Defendants.

38.     The aforementioned customs, policies, practices, and procedures, as well as the unconstitutional orders, approvals, ratification and toleration or wrongful conduct by NLVPD were a moving force and/or proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as set forth above.

39.     Defendants' subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

40.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures Defendants NLVPD, Mr. Hollis sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorney fees as set forth herein, and punitive damages against the individual Defendants.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### AGAINST ALL DEFENDANTS

41.     Plaintiff reallege each and every paragraph in this Complaint as if fully set forth here.

42.     Defendants assaulted and battered Plaintiff, Mr. Hollis, by discharging a firearm at Mr. Hollis and causing a projectile to strike Mr. Hollis.  Furthermore, by causing their trained dog to bite Mr. Hollis caused harmful and offensive contact and caused Mr. Hollis to apprehend the immanent contact because he was conscious when the Defendants caused him to be bit by a dog.

43..     As a direct and proximate result of Defendants' assault and battery of Mr. Hollis,

7

1 Plaintiff sustained injuries and damages, and are entitled to relief as set forth herein and punitive
2 damages against Defendants in their individual capacities.
3     WHEREFORE, Plaintiff respectfully request the following relief against each and every
4 Defendant herein, jointly and severally:
5     a.     compensatory and exemplary damages in an amount according to proof and
6     which is fair, just and reasonable, in excess of SEVENTY FIVE
7     THOUSAND DOLLARS ($ 75,000.00);
8     b.     punitive damages under 42 USC § 1983 and Nevada law in an amount
9     according to proof and which is fair, just, and reasonable, in excess of
10     SEVENTY FIVE THOUSAND DOLLARS ($ 75,000.00);
11     c.     all other damages, penalties, costs, interest, and attorney fees as allowed by
12     42 USC §§ 1983 and 1988 and as otherwise may be allowed by Nevada
13     and/or federal law, in excess of SEVENTY FIVE THOUSAND DOLLARS
14     ($ 75,000.00);
15     DATED this 24th day of February, 2017

**POTTER LAW OFFICES**

By /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*